# Harshberger v. Nursery Co.

A Justice of the Peace should note on his record the objections of the parties to the admission of papers in evidence.

A Justice of the Peace should avoid even the suspicion of suing claims or entertaining jurisdiction of claims that come into his hands for collection.

In an action on a contract, the record of a Justice to sustain a judgment for the plaintiff must show that the plaintiff made out a *prima facie* case, even though the defendant offered no defense.

PRACTICE BEFORE JUSTICES OF THE PEACE—JURISDICTION OF J. P. ACTING AS AGENT OR ATTORNEY—REQUISITES OF RECORD.

Certiorari to J. M. Keichline, J. P.

No. 222, April Term, 1900, C. P. Center Co.

W. F. Cohick, Esq., for Certiorari.

Orvis, Bower & Orvis, Esqs., for defendant in error.

Opinion by LOVE, P. J., Nov. 26, 1900.

## OPINION:

This is a certiorari bringing up the record of a judgment of a Justice of the Peace.

Suggestion of diminution of record was made by a petition, and rule granted and answer filed by the Justice. And while we are not inclined to encourage the practice of supplying records of a Justice, yet when the proceedings show that the Justice has not made the record complete, and where the Justice is a member of the bar, as in this case, there is some good reason for the practice.

The suit before the Justice was based upon the following order:

"I, H. H. Harshberger, Bellefonte, Centre County, Pa., this day bought of the Farmers' Nursery Co., Tadmor, Ohio, the following bill of trees, etc. No variation from the printed contract will be recognized: W. E. Covender, salesman, 100 apple trees, 80 peach, amount, $30.00. To be delivered at Bellefonte in the fall of 1899, for which I agree to pay the sum of $30.00

Harshberger v. Nursery Co.

and     cents in cash on day of delivery.   No countermands accepted.   The signer admits the correctness of this order and agrees to the condition of the same, H. H. Harshberger."

The record as brought up including the answer of the Justice shows that the only evidence adduced before the Justice at the hearing was the above order.   Objection was made to its admission without proof of the signature of H. H. Harshberger.   There was no proof offered that the trees ordered had been delivered at Bellefonte as provided for.   The Justice, simply upon said order, received without proof of its execution, and without any evidence that the trees ordered had been delivered, entered judgment for the plaintiff.

There was no liability to pay until the trees ordered had been delivered at Bellefonte.   The agreement to pay was upon delivery, and not before.   So without any evidence of delivery, the plaintiff failed to make out a prima facie case.

There is some evidence that the Justice had this claim with some others of the same firm for collection.   The evidence would indicate he was agent to collect.

There are numerous exceptions to the record that it is unnecessary to pass upon.   The record as brought up shows that the plaintiff below made out no case before the Justice.   The evidence adduced would not warrant the entering of judgment in favor of the plaintiff.   The Justice being a member of the bar, should have noted on record the objections of defendant to admission of paper and should avoid even the suspicion of suing claims or entertaining jurisdiction of claims that come into his hands for collection.

For the above reasons the judgment is reversed and proceedings before the Justice set aside, at costs of defendant in error.

Reported by James A. B. Miller, Esq.,
Bellefonte, Pa.